## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAZLYN M. WHITLOWE, | ) |
| | ) |
| Plaintiff, | ) Case No: |
| | ) |
| v. | ) |
| | ) Judge |
| TD BANK USA, N.A., TARGET | ) |
| ENTERPRISE, INC., and TARGET CARD | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Jazlyn M. Whitlowe ("Plaintiff" or "Ms. Whitlowe") brings this action against defendants TD BANK USA, N.A. ("TD BANK"), TARGET ENTERPRISE, INC. ("TEI"), and TARGET CARD SERVICES, INC. ("TCSI") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants for actual, statutory, and punitive damages caused by their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter referred to as the "FCRA").

2.      It is illegal for an entity to conduct "regular" hard pull credit report inquiries in connection with a customer whose account was discharged in bankruptcy. The plain language of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., its legislative history, and Federal Trade Commission opinion letters on point are all clear on this issue. *See e.g.* 15 U.S.C. §§ 1681b(f) and 1681b(a)(3); "Forty Years

of Experience with the Fair Credit Reporting Act: An FTC Staff Report and Summary of Interpretations" pp. 44-45 (Federal Trade Commission, July 2011)[1]; Letter dated April 29, 1999 from Ronald G. Isaac, Federal Trade Commission to Don Gowen, Security Mutual Financial Services, Inc.;[2] Letter dated April 30, 1999 from Clarke W. Brinckerhoff, Federal Trade Commission to Kenneth J. Benner, American Counsel on Consumer Awareness.[3]

3. For over 50 years, one of the fundamental purposes of the FCRA has been to ensure protection for consumers' privacy rights. "The bill also seeks to prevent an undue invasion of the individual's right of privacy in the collection and dissemination of credit information. ... (Section 604) requires that the information in a person's file be kept confidential and used only for legitimate business transactions." S. Rept. 91-517, 91st Cong., 1st Sess. 1 (1969).

4. Because Defendants accessed Plaintiff's credit report without any permissible purpose, her privacy was damaged. In other words, because Plaintiff's "red card" account was discharged in bankruptcy, she no longer had an account with

---

[1] (https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf) (last visited October 25, 2021).

[2] https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-gowen-04-29-99 (last visited October 25, 2021).

[3] https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-benner-04-30-99 (last visited October 25, 2021) ("Because there no longer exists any account to "review" and the consumer is not applying for credit, the FCRA provides no permissible purpose for the creditor to receive a consumer report from a CRA.").

Defendants. Thus, Defendants had no legal justification in accessing and reviewing her credit report.

## JURISDICTION & VENUE

5.     Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p ("FCRA") as this action arises under the laws of the United States.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

7.     Plaintiff Jazlyn Marie Whitlowe is a natural person who resided in Plano, Texas. At all relevant times herein, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

8.     TD BANK USA, NATIONAL ASSOCIATION ("TD BANK") provides regularly provides credit for TCS's customers through the Target Credit Card. TD BANK's headquarters is located at 1701 Route 70 East, Cherry Hill, New Jersey 08034 and it regularly transacts business throughout the United States and Texas.

9.     Defendant TARGET ENTERPRISE, INC. ("TEI") is a Minnesota Corporation engaged in the business of servicing credit cards for TD BANK. It regularly conducts business from 3901 W. 53rd Street, Sioux Falls, SD 57106 and its headquarters is located at 1000 Nicollet Mall Minneapolis, Minnesota 55403 and regularly transacts business throughout the United States and Texas.

10.     Defendant TARGET CARD SERVICES, INC. ("TCSI") is engaged in the business of servicing credit cards for TD BANK. It regularly conducts business from 3901 W. 53rd Street, Sioux Falls, SD 57106 and its headquarters is located at 1000 Nicollet Mall Minneapolis, Minnesota 55403 and regularly transacts business throughout the United States and Texas.

11.     Defendants are all "persons" as that term is defined by 15 U.S.C. §1681a(b).

## **FACTS**

12.     Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

13.     In December 2012, Plaintiff opened a credit card account with TD BANK and subsequently incurred a debt that was financed by TD BANK.

14.     Due to unforeseen circumstances, Plaintiff was not able to make payments on the debt financed through Defendant. Ultimately, Plaintiff defaulted on the debt and the last payment she made was on or about February 15, 2015.

15.     On or about April 22, 2019, Plaintiff filed a chapter 7 bankruptcy case in the U.S. Bankruptcy Court of the Eastern District of Texas. *In re Jazlyn Marie Whitlowe*, Case No. 19-41053, Doc. 1, Voluntary Petition (Bankr. E.D. Tex. April 22, 2019) ("Voluntary Petition").

16.     TD BANK was listed as an unsecured creditor on Schedule F of Plaintiff's chapter 7 bankruptcy case. Voluntary Petition, Doc. 1, p. 31 of 66, line 4.53.

4

17.     On April 24, 2019, TD BANK electronically received notice of Plaintiff's chapter 7 bankruptcy case. *In re Jazlyn Marie Whitlowe*, Case No. 19-41053, Notice of Chapter 7 Bankruptcy Case Doc. 8, p. 4 (Bankr. E.D. Tex. April 25, 2019).

18.     During Plaintiff's bankruptcy case, Plaintiff did not reaffirm the debt to TD BANK.

19.     On August 2, 2019, the U.S. Bankruptcy Court issued the discharge of Plaintiff's debts. *In re Jazlyn Marie Whitlowe*, Case No. 19-41053, Order of Discharge, Doc. 14 (Bankr. E.D. Tex. Aug. 2, 2019).

20.     On August 2, 2019, TD BANK electronically received notice of Plaintiff's discharge. *In re Jazlyn Marie Whitlowe*, Case No. 19-41053, Certificate of Notice, Doc. 15, pp. 3-4 (Bankr. E.D. Tex. Aug. 4, 2019).

21.     The Order of Discharge discharged Ms. Whitlowe from any liability for and of the TD BANK's pre-petition claims.

22.     The Order of Discharge terminated any rights TD BANK had against Ms. Whitlowe with respect to the account at issue.

23.     After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not incurred any new debts with Defendants.

24.     After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not applied for any new loans with Defendants.

25.     After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not had any personal business relationships with Defendants.

26.    Given the facts above, Defendants had no reason to believe that Plaintiff owed a debt to any of them.

27.    On or about October 26, 2019, despite being cognizant of the facts as delineated above, one or more of the Defendants accessed Plaintiff's individual and personal credit file from Trans Union, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f):

**Regular Inquiries**

Regular Inquiries are posted when someone accesses your credit information from TransUnion. The presence of an inquiry means that the company listed received your credit information on the dates specified. These inquiries will remain on your credit file for up to 2 years.

**CAPITAL ONE**
15000 CAPITAL ONE
RICHMOND, VA 23238
(800) 955-7070
Requested On:     07/24/2020
InquiryType:     Individual

**CAPITAL ONE NA**
15000 CAPITAL ONE DRIVE
US364412
RICHMOND, VA 23238
(800) 955-7070
Requested On:     11/03/2019
InquiryType:     Individual

**TARGET FINTD-PRVTE LABLE**
3901 W 53RD ST
SIOUX FALLS, SD 57106
(800) 570-1007
Requested On:     10/26/2019
InquiryType:     Individual

*See* Trans Union, Personal Credit Report for Jazlyn Whitlowe, File Number 310039253.

28.    After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has never given any of the Defendants permission to access her private individual and personal credit report.

29.    Despite being cognizant of the facts as delineated above, Defendants accessed Plaintiff's private individual and personal credit report impermissibly.

30.    Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit report without a legitimate business reason to do so.

31.    Moreover, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit report without first informing Plaintiff of its intent to do so.

32.    When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

33.    When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained information relative to Plaintiff's payment history on her private personal and individual credit accounts.

34.    When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

35.    When Defendants accessed Plaintiff's private individual and personal credit report, Plaintiff's private financial information was published to Defendants.

36.    When Defendants accessed Plaintiff's private individual and personal credit report, unknown employees, representatives and/or agents of Defendants viewed Plaintiff's private financial information.

37.    When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained personal information about Plaintiff, such as her current and past addresses, date of birth, employment history, and telephone numbers among other information.

38.    Defendants' conduct, as delineated above, constitutes a violation of 15 U.S.C. §1681b(f)(1).

39.    As a direct and proximate result of Defendants' conduct as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendants' review of her personal information and her credit information and an injury to her credit rating and reputation.

40.    Plaintiff suffered a decrease in her credit score as a result of the illegal credit pull by Defendants. As a result of Defendants' actions, Plaintiff was either denied credit or was denied credit on terms more favorable.

41.    Plaintiff has also experienced aggravation, frustration, and stress because Defendants thwarted Plaintiff from receiving the Fresh Start guaranteed by bankruptcy process and discharge.

## GROUNDS FOR RELIEF COUNT I

## FAIR CREDIT REPORTING ACT ("FCRA"), 15 U.S.C. § 1681 et. seq.

42.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

43.    The FCRA establishes very specific rules limiting when and why an entity can obtain a consumer report:

**(f) Certain use or obtaining of information prohibited.** – A person shall not use or obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

See 15 U.S.C. § 1681*b* (f).

WHEREFORE, Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against Defendants;
b.   Appropriate statutory penalties for each violation of the FCRA;
c.   Actual damages;
d.   Punitive damages;
e.   Reasonable attorney's fees and the costs of this litigation;
f.   Pre-judgment and post-judgment interest at the legal rate;
g.   Appropriate equitable relief; and
h.   Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all triable issues pursuant to Fed. R. Civ. P. 38.**

Dated: October 25, 2021                    Respectfully submitted,

                                           NADIA Y. FULLER, plaintiff,

                                   By:    /s/Tod A. Lewis

                                          Tod A. Lewis (Texas Bar #24091999)
                                          **Tod Lewis Law, PLLC**
                                          13267 Darwin Lane
                                          Austin, TX 78729-7495
                                          512-739-0390 (cell)
                                          1-737-205-1291 (facsimile)
                                          Tod@texasfaircredit.com

                                          Attorney for Plaintiff