UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

---

Jazlyn M. Whitlowe,                                          No. 4:21-cv-00851-ALM

                                                                                                                                               Jury

                         Plaintiff,

            v.

TD Bank USA, N.A.,; et al.,

                         Defendants.

---

**DEFENDANTS' ANSWER**

---

**General Denial**

Defendants TD Bank USA, N.A., and Target Enterprise, Inc. (also named as "Target Card Services, Inc."), for their answer to the Complaint (Oct. 25, 2021) [ECF Doc. 1], deny every allegation except as this pleading admits, qualifies, or otherwise answers.

**Parties**

The complaint names three Defendants: TD Bank USA, N.A.; Target Enterprise, Inc.; and Target Card Services, Inc. There is no such legal entity as "Target Card Services, Inc." "Target Card Services" is a name under which Target Enterprise, Inc., sometimes does business.

## General Defense

### Introduction

**¶ 1**

*Allegation*: Plaintiff brings this action against Defendants for actual, statutory, and punitive damages caused by their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter referred to as the "FCRA").

*Answer:* The Defendants deny the allegations in paragraph 1.

**¶ 2**

*Allegation*: It is illegal for an entity to conduct "regular" hard pull credit report inquiries in connection with a customer whose account was discharged in bankruptcy. The plain language of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., its legislative history, and Federal Trade Commission opinion letters on point are all clear on this issue. See e.g. 15 U.S.C. §§ 1681b(f) and 1681b(a)(3); "Forty Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report and Summary of Interpretations" pp. 44-45 (Federal Trade Commission, July 2011); Letter dated April 29, 1999 from Ronald G. Isaac, Federal Trade Commission to Don Gowen, Security Mutual Financial Services, Inc.; Letter dated April 30, 1999 from Clarke W. Brinckerhoff, Federal Trade Commission to Kenneth J. Benner, American Counsel on Consumer Awareness.

*Answer:* The Defendants deny the allegations in paragraph 2.

**¶ 3**

*Allegation*: For over 50 years, one of the fundamental purposes of the FCRA has been to ensure protection for consumers' privacy rights. "The bill also seeks to prevent an undue invasion of the individual's right of privacy in the collection and dissemination of credit information. . . . (Section 604) requires that the information in a person's file be kept confidential and used only for legitimate business transactions." S. Rept. 91-517, 91st Cong., 1st Sess. 1 (1969).

*Answer:* The Defendants admit the allegations in paragraph 3's first sentence. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3's second sentence.

¶ 4

*Allegation*: Because Defendants accessed Plaintiff's credit report without any permissible purpose, her privacy was damaged. In other words, because Plaintiff's "red card" account was discharged in bankruptcy, she no longer had an account with Defendants. Thus, Defendants had no legal justification in accessing and reviewing her credit report.

*Answer:* The Defendants deny the allegations in paragraph 4.

Jurisdiction & Venue

¶ 5

*Allegation*: Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p ("FCRA") as this action arises under the laws of the United States.

*Answer:* The Defendants admit the allegations in paragraph 5.

¶ 6

*Allegation*: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

*Answer:* The Defendants deny the allegations in paragraph 6.

Parties

¶ 7

*Allegation*: Plaintiff Jazlyn Marie Whitlowe is a natural person who resided in Plano, Texas. At all relevant times herein, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

*Answer:* The Defendants lack knowledge or information sufficient to form a belief about Ms. Whitlowe's residence, but otherwise admit the allegations in paragraph 7.

¶ 8

*Allegation*: TD BANK USA, NATIONAL ASSOCIATION ("TD BANK') provides regularly provides [sic] credit for TCS's customers through the Target Credit Card. TD BANK'S headquarters is located at 1701 Route 70 East, Cherry Hill, New Jersey 08034 and it regularly transacts business throughout the United States and Texas.

*Answer:* The Defendants admit the allegations in paragraph 8.

¶ 9

*Allegation*: Defendant TARGET ENTERPRISE, INC. ("TEI") is a Minnesota Corporation engaged in the business of servicing credit cards for TD BANK. It regularly conducts business from 3901 W. 53rd Street, Sioux Falls, SD 57106 and its headquarters is located at 1000 Nicollet Mall Minneapolis, Minnesota 55403 and regularly transacts business throughout the United States and Texas.

*Answer:* The Defendants admit the allegations in paragraph 9.

¶ 10

*Allegation*: Defendant TARGET CARD SERVICES, INC. ("TCSI") is engaged in the business of servicing credit cards for TD BANK. It regularly conducts business from 3901 W. 53rd Street, Sioux Falls, SD 57106 and its headquarters is located at 1000 Nicollet Mall Minneapolis, Minnesota 55403 and regularly transacts business throughout the United States and Texas.

*Answer:* The Defendants deny that there is any such legal entity as "Target Card Services, Inc.," and therefore deny the allegations in paragraph 10. "Target Card Services" is a name under which Target Enterprise, Inc., sometimes does business. For its further answer to those allegations, TD therefore adopts by reference its statements in answer to the allegations in paragraph 9.

¶ 11

*Allegation*: Defendants are all "persons" as that term is defined by 15 U.S.C. § 1681a(b).

*Answer:* The Defendants admit the allegations in paragraph 11 as to TD Bank USA, N.A., and Target Enterprise, Inc., but deny those allegations as to "Target Card Services, Inc." For its further answer to those allegations, TD adopts by reference its statements in answer to the allegations in paragraph 10.

Facts

¶ 12

*Allegation*: Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

*Answer:* The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

¶ 13

*Allegation*: In December 2012, Plaintiff opened a credit card account with TD BANK and subsequently incurred a debt that was financed by TD BANK.

*Answer:* The Defendants deny that TD financed or was otherwise involved with the referenced debt before March 2013, but otherwise admit the allegations in paragraph 13.

¶ 14

*Allegation*: Due to unforeseen circumstances, Plaintiff was not able to make payments on the debt financed through Defendant sic]. Ultimately, Plaintiff defaulted on the debt and the last payment she made was on or about February 15, 2015.

*Answer:* The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14's first sentence. The Defendants admit the allegations in paragraph 14's second sentence but, in further answer to those allegations, state the the Feburay 2015 payment was returned unpaid.

¶ 15

*Allegation*: On or about April 22, 2019, Plaintiff filed a chapter 7 bankruptcy case in the U.S. Bankruptcy Court of the Eastern District of Texas. In re Jazlyn Marie Whitlowe, Case No. 19-41053, Doc. 1, Voluntary Petition (Bankr. E.D. Tex. April 22, 2019) ("Voluntary Petition").

*Answer:* The Defendants admit the allegations in paragraph 15.

¶ 16

*Allegation*: TD BANK was listed as an unsecured creditor on Schedule F of Plaintiff's chapter 7 bankruptcy case. Voluntary Petition, Doc. 1, p. 31 of 66, line 4.53.

*Answer:* The Defendants admit the allegations in paragraph 16.

¶ 17

*Allegation*: On April 24, 2019, TD BANK electronically received notice of Plaintiff's chapter 7 bankruptcy case. In re Jazlyn Marie Whitlowe, Case No. 19-41053, Notice of Chapter 7 Bankruptcy Case Doc. 8, p. 4 (Bankr. E.D. Tex. April 25, 2019).

*Answer:* The Defendants lack knowledge or information sufficient to form a belief about whether TD received the notice on April 24 or April 25, 2019, but otherwise admit the allegations in paragraph 17.

¶ 18

*Allegation*: During Plaintiff's bankruptcy case, Plaintiff did not reaffirm the debt to TD BANK.

*Answer:* The Defendants admit the allegations in paragraph 18.

¶ 19

*Allegation*: On August 2, 2019, the U.S. Bankruptcy Court issued the discharge of Plaintiff's debts. In re Jazlyn Marie Whitlowe, Case No. 19-41053, Order of Discharge, Doc. 14 (Bankr. E.D. Tex. Aug. 2, 2019).

*Answer:* The Defendants admit the allegations in paragraph 19.

¶ 20

*Allegation*: On August 2, 2019, TD BANK electronically received notice of Plaintiff's discharge. In re Jazlyn Marie Whitlowe, Case No. 19-41053, Certificate of Notice, Doc. 15, pp. 3–4 (Bankr. E.D. Tex. Aug. 4, 2019).

*Answer:* The Defendants deny the allegations in paragraph 20.

¶ 21

*Allegation*: The Order of Discharge discharged Ms. Whitlowe from any liability for and [sic] of the TD BANK's pre-petition claims.

*Answer:* The Defendants admit the allegations in paragraph 21.

¶ 22

*Allegation*: The Order of Discharge terminated any rights TD BANK had against Ms. Whitlowe with respect to the account at issue.

*Answer:* The Defendants admit the allegations in paragraph 22 only with respect to the account that was discharged in Ms. Whitlowe's bankruptcy, but othertwise deny those allegations, and deny that that account is "the account at issue" in this action.

¶ 23

*Allegation*: After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not incurred any new debts with Defendants.

*Answer:* The Defendants admit the allegations in paragraph 23.

¶ 24

*Allegation*: After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not applied for any new loans with Defendants.

*Answer:* The Defendants deny the allegations in paragraph 24.

¶ 25

*Allegation*: After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has not had any personal business relationships with Defendants.

*Answer:* The Defendants deny the allegations in paragraph 25.

¶ 26

*Allegation*: Given the facts above, Defendants had no reason to believe that Plaintiff owed a debt to any of them.

*Answer:* The Defendants deny the allegations in paragraph 26.

**¶ 27**

*Allegation*: On or about October 26, 2019, despite being cognizant of the facts as delineated above, one or more of the Defendants accessed Plaintiff's individual and personal credit file from Trans Union, a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f):

```
Regular Inquiries
Regular Inquiries are posted when someone accesses your credit information from TransUnion. The presence of an inquiry means that the company listed
received your credit information on the dates specified. These inquiries will remain on your credit file for up to 2 years.

CAPITAL ONE                              CAPITAL ONE NA
15000 CAPITAL ONE                        15000 CAPITAL ONE DRIVE
RICHMOND, VA 23238                       US364412
(800) 955-7070                           RICHMOND, VA 23238
Requested On:    07/24/2020              (800) 955-7070
InquiryType:     Individual              Requested On:    11/03/2019
                                         InquiryType:     Individual
TARGET FINTD-PRVTE LABLE
3901 W 53RD ST
SIOUX FALLS, SD 57106
(800) 570-1097
Requested On:    10/26/2019
InquiryType:     Individual
```

*See* Trans Union, Personal Credit Report for Jazlyn Whitlowe, File Number 310039253.

*Answer:* The Defendants deny that they acted "despite being cognizant of the facts as delineated above," but otherwise admit the allegations in paragraph 27.

**¶ 28**

*Allegation*: After receiving the discharge of her debts from the U.S. Bankruptcy Court, Plaintiff has never given any of the Defendants permission to access her private individual and personal credit report.

*Answer:* The Defendants deny the allegations in paragraph 28.

**¶ 29**

*Allegation*: Despite being cognizant of the facts as delineated above, Defendants accessed Plaintiff's private individual and personal credit report impermissibly.

*Answer:* The Defendants deny the allegations in paragraph 29.

**¶ 30**

*Allegation*: Despite being cognizant of the facts as delineated above, Defendant [sic] accessed Plaintiff's private individual and personal credit report without a legitimate business reason to do so.

*Answer:* The Defendants deny the allegations in paragraph 30.

**¶ 31**

*Allegation*: Moreover, despite being cognizant of the facts as delineated above, Defendant [sic] accessed Plaintiff's private individual and personal credit report without first informing Plaintiff of its intent to do so.

*Answer:* The Defendants deny the allegations in paragraph 31.

**¶ 32**

*Allegation*: When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

*Answer:* The Defendants deny the allegations in paragraph 32.

**¶ 33**

*Allegation*: When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained information relative to Plaintiff's payment history on her private personal and individual credit accounts.

*Answer:* The Defendants deny the allegations in paragraph 33.

**¶ 34**

*Allegation*: When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

*Answer:* The Defendants deny the allegations in paragraph 34.

¶ 35

*Allegation*: When Defendants accessed Plaintiff's private individual and personal credit report, Plaintiff's private financial information was published to Defendants.

*Answer:* The Defendants deny that any private financial information was "published," but otherwise admit the allegations in paragraph 35.

¶ 36

*Allegation*: When Defendants accessed Plaintiff's private individual and personal credit report, unknown employees, representatives and/or agents of Defendants viewed Plaintiff's private financial information.

*Answer:* The Defendants deny the allegations in paragraph 36.

¶ 37

*Allegation*: When Defendants accessed Plaintiff's private individual and personal credit report, Defendants impermissibly obtained personal information about Plaintiff, such as her current and past addresses, date of birth, employment history, and telephone numbers among other information.

*Answer:* The Defendants deny the allegations in paragraph 37.

¶ 38

*Allegation*: Defendants' conduct, as delineated above, constitutes a violation of 15 U.S.C. § 1681b(f)(l).

*Answer:* The Defendants deny the allegations in paragraph 38.

¶ 39

*Allegation*: As a direct and proximate result of Defendants' conduct as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendants' review of her personal information and her credit information and an injury to her credit rating and reputation.

*Answer:* The Defendants deny the allegations in paragraph 39.

**¶ 40**

*Allegation*: Plaintiff suffered a decrease in her credit score as a result of the illegal credit pull by Defendants. As a result of Defendants' actions, Plaintiff was either denied credit or was denied credit on terms more favorable.

*Answer:* The Defendants deny the allegations in paragraph 40.

**¶ 41**

*Allegation*: Plaintiff has also experienced aggravation, frustration, and stress because Defendants thwarted Plaintiff from receiving the Fresh Start guaranteed by bankruptcy process and discharge.

*Answer:* The Defendants deny the allegations in paragraph 41.

Grounds for Relief Count I
Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et[] seq.

**¶ 42**

*Allegation*: Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

*Answer:* For their answer to the allegations in paragraph 42, the Defendants adopt by reference their statements in answer to the allegations in the paragraphs that paragraph 42 adopts by reference.

**¶ 43**

*Allegation*: The FCRA establishes very specific rules limiting when and why an entity can obtain a consumer report:
    (f)    Certain use or obtaining of information prohibited. – A person shall not use or obtain a consumer report for any purpose unless—

       1.       the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

       2.       the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

See 15 U.S.C. § 168l*b* (f) [sic].

*Answer:* The Defendants admit the allegations in paragraph 43, although the statute differs in punctuation from the text alleged.

## First Additional Defense
## Failure to State a Claim

44.    The complaint fails to state a claim upon which relief can be granted.

## Second Additional Defense
## Consent; Permissible Purpose

45.    On October 26, 2019, Ms. Whitmore applied online for a Target credit card.

46.    With her application for credit, Ms. Whitmore consented to the Defendants obtaining and using a consumer report about her from a consumer reporting agency.

47.    Ms. Whitmore's application for credit established a "permissible purpose," within the meaning of 15 U.S.C. § 1681b(a), for a consumer report being furnished to the Defendants.

## Demand for Jury Trial

The Defendants demand a trial by jury of each issue so triable.

**Prayer for Relief**

Wherefore the Defendants respectfully pray for a judgment in their favor, for their costs and disbursements, for their attorney's fees under 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681*o*(b), and for and for such other and further relief as may be just and equitable.

January 14, 2022.

               BARNES & THORNBURG LLP

               /s/ Brian Melendez
               ―――――――――――――――――――
               Brian Melendez, Minn. License No. 0223633 (admitted pro hac vice), Lead Attorney
               BARNES & THORNBURG LLP
               Suite 2800
               225 South Sixth Street
               Minneapolis, MN 55402-4662
               Ph. 612.367.8734
               Fax 612.333.6798
               brian.melendez@btlaw.com

                  in association with

               Alicia M. Barrs, Texas Bar No. 24109620
               Suite 700
               2121 North Pearl Street
               Dallas, TX 75201-2469
               Ph. 214.258.4105
               Fax 214.258.4199
               Alicia.Barrs@btlaw.com

               Attorneys for Defendants